# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-081-MOC-DCK

| | |
|---|---|
| MAUDIE E. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERACTIVE SAFETY PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

AND NOW, this 18<u>th</u> day of July 2013, it is hereby STIPULATED and AGREED between Plaintiff Maudie E. Scott ("Scott" or "PlaintiffP") and Defendant Interactive Safety Products, Inc. ("ISP" or "Defendant") (collectively the Plaintiff and jointly with the Defendant, the "Parties"), and it is hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of confidential information and documents produced by the Parties in the above-captioned matter ("the Litigation"):

1. All documents and data, including electronically stored information, produced

and all information obtained through discovery in the Litigation shall be used only for purposes of litigation between the Parties.

2. "Confidential Information" shall mean any and all information produced in the course of discovery or trial which a party deems to contain personal

1

information or other proprietary, financial, or confidential information (including but not limited to employment records of ruly individual) and which is designated by such party as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to the terms and mechanisms of this Confidentiality Agreement and Protective Order (the "Protective Order"). The following documents, electronic data, and/or information may be designated as «Confidential" pursuant to this Order: infom1ation which a party contends to be (a) personal, (b) proprietary information, or (c) sensitive financial information.

      3. To assert a claim that infom1ation is "Confidential" or "Confidential-Attorneys' Eyes Only", the parties shall designate the whole or any part of any documents as such by stamping or imprinting the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY- SUBJECT TO PROTECTIVE ORDER" upon every page of the produced copies of the doctm1ent at the time of production. Such designations shall be utilized in good faith and only for such matters as documents disclosing highly sensitive information.

      a. In the case of depositions, including any transcripts or recordings thereof, the Party may designate the deposition as "Confidential" or "Confidential – Attorney' Eyes Only" after the deposition concludes by notifying the opposing Party in writing that it is making such designation. Such designation shall apply to the deposition and any transcript or other recording thereof. The Party making the designation shall have fifteen (15) days from delivery of the final deposition transcript to make the designation (the "designation period") and until the earlier of receipt of such written notification or the expiration of the designation period, the Parties must provisionally treat the deposition transcripts as "Confidential-Subject To Protective Order" or "Confidential – Attorneys'

Eyes Only -- Subject To Protective Order". Until such written notification is received, the Parties must treat the servers or hard drives as "Confidential – Attorneys' Eyes Only." If the Party determines that some or all of the transcript contains Confidential Information, the document shall bear a stamped legend of "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and the specific Confidential Information contained therein shall bear the notation "Confidential" or "Confidential – Attorneys' Eyes Only." Unless the parties intend to designate all of the information contained within the deposition testimony as "Confidential" or "Confidential- Attorneys' Eyes Only" material, counsel for that Party should indicate in a clear fashion the portion of the testimony which is intended to be designated as "Confidential" or "Confidential- Attorneys' Eyes Only" and such testimony should be segregated or placed in an separate transcript bearing the appropriate designation. Any portion of a transcript discussing materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be similarly designated.

  b. Written discovery and pleadings containing or reflecting information designated as "Confidential" or "Confidential- Attorneys' Eyes Only" under this Order shall bear a stamped legend of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY- SUBJECT TO PROTECTIVE ORDER" and the specific Confidential Information contained therein shall bear the notation "Confidential" or "Confidential- Attorneys' Eyes Only." If such written discovery or pleading containing Confidential Information is filed with the Court, only the "Confidential" or "Confidential – Attorneys' Eyes Only" portion of such written discovery or

pleading will be filed with the Court in accordance with Paragraph 9 of this Order. The non-confidential portion of any written discovery or pleading will not be subject to the terms of this Order.

4. In the event the producing person inadvertently fails to designate discovery material as confidential in the Litigation, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as confidential, subject to their right to dispute such designation in accordance with Paragraph 18 below: provided however that any prior disclosure by the receiving party of the discovery material before its designation as confidential shall not be deemed a violation of this order.

5. Materials designated as "Confidential" may only be disclosed or made available by the party receiving such information to the following individuals provided that such individuals are informed of the terms of this Protective Order:

    (a) the employees or officers of the Parties to the Litigation who are working with counsel in the Litigation and need to review the documents in order to provide assistance to counsel in the Litigation;

    (b) legal counsel for the Parties and paralegals, investigators, consultants, or attorneys working with, retained, or employed by legal counsel in connection with the Litigation;

    (c) expert witnesses or consultants retained by the Parties to

assist in the preparation of the case;

    (d) any witness who is deposed under oath in this matter which appears on the face of the exhibit or from other documents or testimony to have received the document from, or communicated to that witness by, that same Producing Party;

    (e) court reporters, videographers or stenographers ad depositions; and, (f) the Court.

6. Materials designated as "Confidential" or "Confidential- Attorneys' Eyes Only" may only be disclosed or made available by the party receiving such information to the individuals referred to in paragraphs (b), (c), (d), (e) and (i) in Paragraph 5 provided that such individuals are informed of the terms of this Protective Order.

7. The persons referred to under sub-paragraphs (a), (c) and (d) of Paragraph 5 shall be furnished "Confidential" information, or with respect to (c) and (d), "Confidential" or "Confidential- Attorneys' Eyes Only" information, only after they have agreed in writing, in the form annexed hereto as "Exhibit A", to be bound by the terms of this Protective Order. Outside counsel for the Parties shall maintain copies of the aforementioned written agreements.

8. In the event counsel for the party receiving materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" objects to the designation, said counsel shall advise the party producing the materials, in writing, preferably by facsimile or electronic mail, of such objection and the reasons therefore. Pending resolution of the dispute, all of the materials shall be treaded as designated. Counsel will attempt to

resolve the dispute within three (3) business days. If the dispute cannot be resolved among counsel, the party objecting to the designation of a document as "Confidential" or "Confidential- Attorneys' Eyes Only" shall submit a motion objecting to such designation with the Court. The burden to sustain the designation "Confidential" or "Confidential-Attorneys' Eyes Only" is upon the designating party.

9. Material containing Confidential lnformation shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, other motions or appeals. The parties agree that if they intend to file with the Court any docun1ents and other materials, including inter alia, transcripts of depositions, exhibits, physical evidence, answers to interrogatories or requests tor admissions, briefs and memorandum, which comprise or contain material designated as "Confidential" or "Confidential- Attorneys' Eyes Only" pursuant to this Order, and will request from the Court permission to file such documents, or portions of such documents that contain Confidential information, with the Clerk of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the Litigation, identity of the Party filing the materials, the statement "Confidential" or "Confidential- Attorneys' Eyes Only," and a statement substantially in the following form:

> This envelope (container)(disk) contains documents (things)(data files) subject to the Protective Order entered in this action. Do not open or display, reveal or mal<:e public its contents without written order of the Court.

10. If a document or other inforn1ation inadvertently produced (or has already been produced) without any designation of confidentiality, a party

nevertheless may assert confidentiality of the document or other infom1ation and the parties shall thereafter treat the documents or other infom1ation as Confidential Discovery Material. After such an assertion, each party shall affix the legend "Confidential" or "Confidential- Attorneys' Eyes Only" to each copy of the newly designated document or other information in its possession.

11. Any non-party may subscribe to the terms and protections of this Protective Order only after they have reviewed the Protective Order and have agreed in writing, in the form annexed hereto as "Exhibit A", to be bound by the terms of this Protective Order. The non-party may designate materials containing Confidential Information that the non-party is producing as "Confidential" or "Confidential- Attorneys' Eyes Only" subject to the specifications of Paragraph 3 of this Order.

12. No disclosure shall waive any rights or privileges of any party granted by this Protective Order.

13. This Protective Order shall not enlarge or affect the proper scope of discovery in the Litigation or any other litigation, nor shall this Protective Order imply that discovery material designated as "Confidential" or "Confidential- Attorneys' Eyes Only" under the terms of this Protective Order is properly discoverable, relevant or admissible in the Litigation or any other litigation.

14. The entry of this Protective Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection from the Court at their discretion.

15. The terms of this Protective Order shall survive and remain in effect

after the termination of the Litigation. The Parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of the Litigation.

16. This order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Material for any purpose.

17. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

18. This Protective Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Protective Order if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in the Litigation in which such information was not

designated as "Confidential" or "Confidential- Attorneys' Eyes Only" or subject to a protective order or court order as "Confidential" or subject to confidential treatment, or where there has been a final judgment (including any appeal therefrom) declaring that such information or documents are not confidential.

19. Within forty-five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of the Litigation (including any appeal therefrom), or such longer period of time upon which the Parties may agree, all persons having received material or information containing inforn1ation designated as "Confidential" or "Confidential- Attorneys' Eyes Only," except as provided below, shall destroy all copies of such material in any form it is maintained including but not limited to paper, hard drives, network drives, off-site electronic storage, and internet storage services; and ce1tify in writing to the Parties that all copies of such documents have been destroyed. Counsel for the parties shall be entitled to retain court papers. deposition and trial transcripts and attorney work product containing Confidential Inforn1ation; Provided that such counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work-product to any person except pursuant to court order or agreement of the Parties. This provision shall not require the Court's return of any documents filed with the Court.

SO ORDERED.

Signed: July 18, 2013

_____
David C. Keesler
United States Magistrate Judge

CONSENTED TO:

LAW OFFICES OF JAVA 0. WARREN

*Is/* Yolanda W. Brock
NC Bar No. 36651
*Is/* Java 0. Warren
NC Bar No. 30692
Email: warr2131@bellsouth.net

4919 Albemarle Road, Suite 106
Charlotte, North Carolina 28205-9705
Telephone: 704-568-8439
Fax: 704-568-8499
*Counsel for Plaintiff*


LAW OFFICES OF H.M. WHITESIDES, JR., P.A.

*Is/* H.M. Whitesides. Jr.
NC Bar Number: 13151
E-mail: hmwhitesides@whitesideslaw.com

225 East Worthington Avenue, Suite 100
Charlotte, North Carolina 28203
Telephone: 704-372-7670
Fax: 704-372-7980
*Counsel for Defendant*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MADDIE E. SCOTT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:13-cv-81 |
| ) | |
| vs. ) | |
| ) | |
| INTERACTIVE SAFETY PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

<u>ACKNOWLEDGEMENT OF PROTECTIVE ORDER</u>

I _____ hereby affirm that:

1. Information, including documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY" (collectively "Confidential Infom1ation") as defined in the Confidentiality Agreement and Protective Order ("Protective Order) entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. As a prior condition to me being permitted to receive, see or review any Confidential Infom1ation, I have been given a copy of the aforementioned Protective Order, I have read it and I agree to be bound by its terms.

3. I understand that the Protective Order is a Court Order which is legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division for enforcement of any claimed violation of the terms of the Protective Order or this Acknowledgement), and agree that such jurisdiction shall survive the termination of this action.

4. I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-referenced litigation and not to disclose such infom1ation to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated such information "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or by Order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and its binding effect on them.

5. I understand that I am to retain all documents or materials designated as Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.